IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

_____

UNITED STATES OF AMERICA,     :
                                :

          Plaintiff,    :  Case No.
                                :  4:23-cr-00069-1
     vs.                   :

                                :
TYRAN JEREMIAH LOCURE,     :  TRANSCRIPT OF
                                :  PROCEEDINGS
          Defendant.    :
_____:

        The above-entitled matter came on for
Sentencing Hearing before the Honorable Rebecca Goodgame
Ebinger at the First Floor Courtroom of the Federal
Courthouse, Des Moines, Iowa, commencing at 11:30 a.m.
on November 17, 2023.

        Reported by:  SueAnn Jones, CSR, RPR

```
 1                 A P P E A R A N C E S

 2

 3   Plaintiff by:      LAURA ROAN

 4                      Assistant United States Attorney

 5                      CONNOR GREENE

 6                      Law Clerk

 7                      110 East Court Avenue

 8                      Suite 286

 9                      Des Moines, Iowa 50309

10

11   Defendant by:      ALEX J. GILMORE

12                      Attorney at Law

13                      1001 Office Park Road

14                      Suite 108

15                      West Des Moines, Iowa 50265

16

17   Also Present:      Law Clerk

18

19

20

21

22

23

24

25
```

1                         I N D E X

2

3       EXHIBIT                      PAGE(S) REFERRED TO

4         1-5                        8, 9

5          A                         8, 9

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  We're here in the matter of the

3    United States of America vs. Tyran Jeremiah Locure.

4    This is Case No. 4:23-cr-69.  This is the time and date

5    set for sentencing in this matter.

6              My name, as you know, is Rebecca Goodgame

7    Ebinger, and I'm the district judge presiding.  Counsel

8    please identify themselves for purposes of the record.

9              MR. GREENE:  Yes, Your Honor.  This is

10   Connor Greene on behalf of the Government joined by

11   Laura Roan.

12             THE COURT:  And you're practicing as a

13   third-year student under the supervision of Attorney

14   Roan; correct?

15             MR. GREENE:  That's correct, Your Honor.

16             THE COURT:  Thank you.

17             On behalf of the defense?

18             MR. GILMORE:  Alex Gilmore on behalf of the

19   Defendant, Tyran Locure.

20             THE COURT:  Who's personally present here

21   today, and we also have with us the author of the

22   presentence investigation report, U.S. Probation Officer

23   Charity Rock.

24             Mr. Locure, do you recall being charged by

25   way of an indictment filed here in the Southern District

1    of Iowa with a number of drug and firearm offenses?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  You were initially charged

4    with -- in an indictment with a codefendant, and that

5    was a total of eight counts, some of which named you,

6    some of which named Mr. Jackson, and some of which named

7    both.

8              Do you recall that, sir?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  You initially appeared in court

11   and pleaded not guilty to all of the charges against you

12   and denied the notice of forfeiture.

13             Subsequently on July 18 of this year, you

14   entered a plea of guilty to Counts I and IV of the

15   indictment.

16             Do you recall that, sir?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Count I alleged that you

19   conspired to distribute greater than 40 grams of

20   Fentanyl as well as marijuana in violation of Title 21

21   United States Code Section 841(a)(1), 841(b)(1)(b),

22   841(b)(1)(d), and 846.

23             And then Count IV alleged that you possessed

24   a firearm in furtherance of that drug trafficking crime

25   in violation of Title 18 United States Code

1    Section 924(c)(1)(A)(i).

2              Do you recall that, sir?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  At the time of your plea, the

5    magistrate judge presiding spoke with you about the

6    mandatory minimums applicable to these offenses, and you

7    understand that the mandatory minimum for each of these

8    counts is five years or sixty months and that they must

9    be ordered to be served consecutively or back-to-back.

10             Do you recall that, sir?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Magistrate judge recommended to

13   me that I accept your plea of guilty and adjudicate you

14   guilty, and I did so on September 15 of this year.

15             Do you understand, sir, that you're here

16   today for the purpose of being sentenced on those pleas

17   of guilty?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Do you continue to acknowledge

20   that you are, indeed, guilty of the crimes charged in

21   Counts I and IV, conspiring to distribute more than

22   40 grams of Fentanyl as well as marijuana and possessing

23   a firearm in furtherance of those drug trafficking

24   crimes?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Before I proceed further with

2   the hearing, I need to confirm that you're fully able to

3   participate here today.

4          Are you currently under the influence of

5   alcohol?

6          THE DEFENDANT:  No, Your Honor.

7          THE COURT:  Are you under the influence of

8   any illegal substances?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Are you taking any prescription

11   medications?

12          THE DEFENDANT:  No, Your Honor.

13          THE COURT:  Are you suffering from any

14   mental-health or physical illness or ailment that would

15   cause you to be unable to understand or participate in

16   today's hearing?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  I wanted to confirm that you're

19   no longer taking Trazodone.  Paragraph 96 indicated that

20   you were taking that.  It may have been just a part of

21   adjustment.

22          Are you no longer taking that medication,

23   sir?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Okay.  So paragraph 96 should be

1    amended to correct that.  Any objection to that from the

2    Government?

3            MR. GREENE:  No, Your Honor.

4            THE COURT:  From the defense?

5            MR. GILMORE:  No, Your Honor.

6            THE COURT:  If at any time during this

7    hearing, Mr. Locure, you do not understand something I

8    say or you have a question, would you please stop me and

9    let me know?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  The most important thing is that

12    you understand the proceedings.  In anticipation of this

13    hearing, the United States Probation Office prepared a

14    presentence investigation report.

15           I have reviewed that report.  I have

16    reviewed the sentencing memoranda filed by the parties

17    and the material related to the plea.  I did preside

18    over the coDefendant's trial.  I have reviewed the

19    docket as a whole.

20           I received Proposed Exhibits 1 through 5

21    from the Government, which I have reviewed before this

22    hearing, and Defense Exhibit A which was at Docket 100

23    which are letters of support for the Defendant.

24           Are there any other materials that need to

25    be brought to the Court's attention at this time?

1         MR. GREENE:  No, Your Honor, so long as

2    Exhibits 1 through 5 of the Government's brief are

3    admitted.

4         THE COURT:  Do you have any objection to

5    Defendant's A?

6         MR. GREENE:  No, Your Honor.

7         THE COURT:  Defendant's A is admitted.  Any

8    additional materials, Mr. Gilmore?

9         MR. GILMORE:  Not on behalf of the defense,

10   Your Honor.

11        THE COURT:  Any objections to one through

12   five?

13        MR. GILMORE:  No, Your Honor.

14        THE COURT:  One through five are admitted.

15   So let's turn our attention to the presentence

16   investigation report.

17        Mr. Greene, have you had the opportunity to

18   review the presentence investigation report on behalf of

19   the United States?

20        MR. GREENE:  Yes, Your Honor.

21        THE COURT:  And does the Government have any

22   outstanding factual objections or corrections to the

23   report other than the correction to paragraph 96 which

24   we just made in regards to the Defendant's medications?

25        MR. GREENE:  No, Your Honor.

1          THE COURT:  Thank you.

2          Mr. Gilmore, have you and your client had

3     the opportunity to review the presentence investigation

4     report as well?

5          MR. GILMORE:  We have on more than one

6     occasion, Your Honor.

7          THE COURT:  Could you make a record as to

8     how you went about reviewing the document with

9     Mr. Locure?

10         MR. GILMORE:  Certainly, Your Honor.  We

11    initially met over at the Polk County Jail with regards

12    to the draft presentence investigation report.  We did

13    file objections that the Court has received.

14         With the final presentence investigation

15    report, I did go review that as well with Mr. Locure.

16    After reviewing the discovery matters and discussions

17    with the Government regarding the outstanding

18    objections, we did in our sentencing memorandum say that

19    we are withdrawing our objection to paragraph 35 of the

20    PSI, Your Honor.

21         With regards to that, we have no other

22    additions, deletions, or objections to the PSI.  But I

23    guess I would, Your Honor, while we were talking about

24    emotion -- or mental health and physical conditions, I

25    believe that he's also under some kind of albuterol

1    sulfate for asthma.  I don't know if that's relevant to

2    the Court's discussion here but --

3            THE COURT:  It wouldn't affect his capacity

4    to proceed to trial -- or to sentencing, but is that

5    something that's not otherwise -- oh, he has that.  I

6    assume he's still taking that at paragraph 92.

7            MR. GILMORE:  He is still being prescribed

8    that, Your Honor.

9            THE COURT:  Yes.  So thank you for

10    correcting that.

11            And that medication would have no impact on

12    your ability to participate here today; correct, sir?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  Thank you, Mr. Gilmore, for

15    making that correction.  To clarify, Mr. Gilmore, you

16    have noted objections to portions of paragraphs 33, 34,

17    and 36.

18            My understanding is not that you're

19    factually objecting to the fact that, for example, those

20    firearms were stolen but just providing the Court with

21    the additional context that the Defendant did not know

22    they were stolen?

23            MR. GILMORE:  Correct, Your Honor.  It's

24    just more of a denial of having any of those events

25    related to Mr. Locure, not an objection to the factual

1  basis of those, Your Honor.

2          THE COURT:  Thank you.

3          MR. GILMORE:  That is all from the defense.

4  Thank you, Your Honor.

5          THE COURT:  Mr. Locure, we've been talking

6  about the presentence investigation report in this case.

7  Mr. Gilmore explained to me how you all went about

8  reviewing this document.

9          Do you recall going over the report with

10  your attorney as he described?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Have you had a full and fair

13  opportunity to review the material contained in the

14  report?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  After that review, Mr. Gilmore

17  has explained to me that he's withdrawn the previously

18  filed objections to paragraph 35, which had to do with

19  phone calls and some Snapchat messages, I think.

20          And do you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And that he has pointed out

23  aspects of the report; for example, firearms that were

24  seized that were stolen and indicating that you didn't

25  know they were stolen, but you're not denying that they

1    were, in fact, stolen.

2               Do you understand that?

3               THE DEFENDANT:  Yes, Your Honor.

4               THE COURT:  Other than that, he's explained

5    to me that there are no factual errors or things that

6    are incorrect in the report that he needs to bring to my

7    attention.

8               Do you understand that, sir?

9               THE DEFENDANT:  Yes, Your Honor.

10              THE COURT:  Do you agree that the report

11   with the correction to that medication in paragraph 96

12   is factually accurate or correct?

13              THE DEFENDANT:  Yes, Your Honor.

14              THE COURT:  Thank you.  Based upon that

15   record the Court will rely upon the unobjected-to

16   factual information contained in the presentence

17   investigation report for purposes of determining the

18   appropriate sentence to impose in this case.

19              That brings us to a discussion of the

20   advisory guidelines.  As we know, the United States

21   Sentencing Guidelines are advisory, and the Court treats

22   them as such.  But I am required to accurately calculate

23   and consider that applicable advisory guideline range.

24              In this case the offense level computation

25   begins on page 12 at paragraph 46 as to the first count.

1    The base offense level based upon the offense involving

2    at least 400 grams but less than 1.2 kilograms of

3    Fentanyl is a 30.

4            There's a two-level upward adjustment for

5    maintaining a premises for the purpose of distributing

6    controlled substances.  There are two levels off for

7    acceptance of responsibility.

8            Does the Government move for the third

9    level?

10           MR. GREENE:  Yes, Your Honor.

11           THE COURT:  The Court grants that motion.

12   That results in a total offense level of 29.  The

13   Defendant is a Criminal History Category 4 with seven

14   criminal history points.

15           That results for the first count in a range

16   recommended between 121 to 151 months which would be

17   consecutive to the 60-month sentence required on

18   Count IV, which results in an effective range of 181 to

19   210 months.

20           Supervised release is recommended on Count I

21   between four and five years and on Count IV to be

22   between two and five years.

23           Probation is not an option under the

24   guidelines or the statute because of the mandatory

25   minimums we've discussed.  Fine is recommended between

1    30,000 and $5 million.

2              Does the Government have any objection to

3    those calculations?

4              MR. GREENE:  No, Your Honor.

5              THE COURT:  And the defense?

6              MR. GILMORE:  No, Your Honor.  Thank you.

7              THE COURT:  So the Court will look to that

8    advisory guideline range as one factor to consider in

9    determining the appropriate sentence to impose in this

10   case.

11             I don't believe either party sought a

12   traditional departure; correct?

13             MR. GREENE:  That's correct, Your Honor.

14             MR. GILMORE:  Correct, Your Honor.

15             THE COURT:  That brings us to the ultimate

16   question in the case, which is the appropriate

17   disposition.

18             I've indicated I've already reviewed the

19   exhibits submitted before the hearing.  Any additional

20   evidence as to disposition from the Government?

21             MR. GREENE:  No, Your Honor.  Just argument.

22             THE COURT:  Any additional evidence on

23   disposition from the defense?

24             MR. GILMORE:  No, Your Honor, but just to

25   bring back briefly to the calculations with the

1    presence investigation report, I did also review the

2    new amendments to the United States Sentencing

3    Guidelines and found that none of those would have been

4    applicable to the Defendant in this matter.

5           THE COURT:  And thank you for clarifying

6    that record.  I note that the report in this case was

7    issued on November 8.  It was -- so it was after the

8    guidelines went into effect, and the report notes at

9    page 12 -- no, not page 12 -- oh, yeah, page 12,

10   paragraph 44 that the 2023 version of the guidelines

11   manual was used in this case, which of course came into

12   effect on November 1.

13           I appreciate the clarity of the record,

14   though, Mr. Gilmore.  And you indicated you did not have

15   any additional evidence that you wanted to present.

16           Mr. Gilmore, would you like to be heard by

17   way of argument as to disposition?

18           MR. GILMORE:  Yes, Your Honor.  Thank you

19   very much.  Your Honor, as the Court has already

20   reviewed and is in possession of the Defendant's

21   sentencing memorandum, I mean we would largely rely on

22   that, but after having been able to review the

23   Government's sentencing memorandum and its exhibits, I

24   would note the dichotomy that I always find in

25   sentencings of across state defendants or federal

1  defendants.

2          It's just I've always found it interesting

3  the picture that's trying to be painted on both sides of

4  the table.

5          I think what we've got here, based on the

6  unobjected-to factual basis in the PSI and the

7  unobjected-to background of the Defendant himself is we

8  have someone who's experienced a rather hard and

9  traumatic life at a very young age, having to deal with

10  Hurricane Katrina, having to be four years old and

11  witness his own uncle die in front of his eyes.

12          I mean I'm 31 years old on Sunday, and I'm

13  seven years older than this gentleman to my right, and

14  he's already lived twice the life that I have, and he

15  did it all before he was even a teenager, so I don't --

16  it's hard for me to sit here and say that it's easy to

17  follow the law when I've not had to succumb to having to

18  raise myself or I've had to experience the hardships

19  that this young man has.

20          But nonetheless, Your Honor, we are here

21  today because the Defendant's choices have gotten him to

22  this point in his life, and Mr. Locure understands that.

23  He's not without remorse.

24          He understands that these are incredibly

25  serious and dangerous charges.  As this Court is well

1  aware, drugs and guns, I mean that's not a recipe for

2  success by any means.

3           And it's unfortunate that we are here, but I

4  believe when we look at Mr. Locure and who he is as a

5  person, the Government, we have a gun-toting wielding

6  drug dealer with no remorse or account for the law, but

7  then when we take a look at the letters of support and

8  the pictures in the Defendant's sentencing memorandum,

9  Your Honor, we have more than just that; right?

10          We have someone who he's a grandson.  He's a

11  son, brother, uncle, nephew, and he himself is a father.

12  And based on my conversations with his family members,

13  he's a good one of all of those to them.

14          His own choices have gotten him here today,

15  and he's understanding that he's going to have to now

16  look to incarceration for a period of time determined by

17  the Court, and Your Honor, that's also one of the

18  reasons why he doesn't have anyone here on his behalf

19  today.

20          He has made it very well -- very clear to me

21  and his family members with whom I've spoken, he doesn't

22  want to put them through any more pain or any more hurt.

23  Otherwise he would have had -- I don't know -- probably

24  20, 30, 40 people here on his behalf.

25          But his biggest struggle is with the hurt

1    that he's been putting on other people through all of

2    this, and he couldn't bear to do that anymore, and Your

3    Honor, in my time in dealing with this case and

4    representing Mr. Locure, I've been able to find someone

5    who's more than just what the Government wants to paint

6    here.

7           And I don't disagree with the

8    Government's -- what the Government has to say; right?

9    This young kid has quite a criminal history, especially

10   at the only age of 24.

11          And the actions that brought him here today,

12   I mean, are obviously things that the population and the

13   public finds reprehensible.  But there is more than

14   that, Your Honor.

15          Given his background, it is kind of no

16   surprise that he is here today.  We see it way too

17   often, so many times with people of his kind of

18   upbringing that experience things like that, you know, a

19   lot of times, they just have to turn to something like

20   this, because that's all they know, unfortunately.

21          But Your Honor, we are requesting 60 months

22   on Count I, 60 months consecutive on Count I based on

23   the 3553(a) factors that that sentence is sufficient and

24   not greater than necessary given the specific

25   circumstances of this case with Mr. Locure.

1          And so with that, that is the sentence we

2     would be requesting from the Court.  Thank you.

3          THE COURT:  Thank you, Mr. Gilmore.

4          Mr. Locure, now is the time during the

5     hearing where you have the opportunity to speak.  You do

6     not have to say anything, but if you'd like to, the

7     Court will consider it.

8          Is there anything you'd like to say, sir?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Thank you.  You may remain

11    seated.  You may remain seated, sir.  Thank you.

12         THE DEFENDANT:  First and foremost, I just

13    want to say the actions that I made, I take full

14    responsibility of, but my intentions was never to harm

15    or hurt anyone in no shape or form.

16         It was really more of not having anything,

17    not -- my family not having anything.  I made some bad

18    choices.  And I understand that I deserve punishment.

19         I feel like in life there's good

20    consequences and bad consequences for everything you do,

21    and as of right now, I feel like this is something I got

22    to go through.  So today I'm just -- I'm fine with

23    whatever you decide.

24         THE COURT:  Thank you, Mr. Locure.

25         On behalf of the United States, Mr. Greene?

1          MR. GREENE:  Yes, Your Honor.  The

2   Government stands by their sentencing memorandum here in

3   asserting that a 181-month sentence is sufficient but

4   not greater than necessary.

5          Broken up, that would be 121 months on

6   Count I followed by the 60-month consecutive sentence on

7   Count IV.

8          Specifically here, as defense notes,

9   Defendant is no stranger to the law, but unfortunately,

10  what we're seeing here is both a repeat pattern of

11  behavior as well as an increasing seriousness, an

12  increase in severity.

13         Specifically, we see that in a new charge

14  for the distribution of Fentanyl.  This is an incredibly

15  lethal and serious drug, and it represents the newness

16  that we see here.

17         But we also see the recurring issue of

18  possessing weapons while prohibited.  This started with

19  when the Defendant was a minor, and it's continued over

20  the last eight years.

21         Specifically, it's not even the first time

22  that he was found in possession of a stolen weapon,

23  whether he knew they were stolen or not.  But the

24  overarching combination here of possessing firearms and

25  drugs such as Fentanyl cannot be understated.  Those are

1    dangerous on their own right, but the combination only

2    compounds that.

3          And as we dive into the details of what

4    happened here, the conduct becomes even more

5    aggravating.  Specifically, we can look at Defendant's

6    2020 conviction for being a felon in possession and his

7    subsequent behavior on supervised release.

8          Specifically, while on supervised release

9    for that behavior, Defendant incurred violations for new

10   criminal conduct, having contact with known felons,

11   engaging with persons engaged in criminal activity, a

12   failure to be truthful with the probation officer, a

13   failure to obtain employment, failing to comply with his

14   curfew, failure to comply with home detention, opiate

15   and marijuana use, failure to follow the rules of the

16   residential re-entry center, and a failure to report

17   contact with law enforcement.

18         Now, this term of supervised release ended

19   in 2022, in July, just months before the current scheme

20   began again.  But we can also turn to the specific

21   details of the scheme here.

22         Defendant conducted six controlled buys with

23   a confidential informant here.  Each time he provided

24   anywhere from 77 to 103 M30 pills containing Fentanyl.

25         Now, this happened over a several-week

1 period before a search warrant at Defendant's residence

2 was executed.  That search warrant revealed over

3 800 grams of Fentanyl, over 8,000 pills in total,

4 marijuana, cocaine, drug paraphernalia, indicia the

5 distribution scheme, and three firearms, one of which we

6 know was stolen.

7          The significant quantity here emphasizes the

8 depth of this scheme and the expansiveness of

9 Defendant's drug trafficking.  But this is also further

10 supported by the exhibits provided to the Court of the

11 Defendant happily brandishing the drug proceeds he'd

12 earned.

13          Specifically in one video, we see a money

14 counter totaling over $10,000.  In other videos we see

15 thousands of dollars Defendant counting, and in one

16 image or one video, we see Defendant provided what

17 appears to be drug proceeds to a child to play with.

18          This simply represents how expansive the

19 scheme was and gets to exactly what Defendant was doing

20 here.

21          But then we can finally turn to the

22 egregious weapon behavior as well.  Certainly we've

23 noted the Defendant's past of possession, but

24 specifically he has been incarcerated for 15 months as a

25 felon in possession immediately prior to a term of

1    supervised release that ended just before the incident

2    offense.

3              But here we do see an escalation as it was

4    not possession of one firearm.  We found possession of

5    at least three in his residence.

6              THE COURT:  Wasn't there three in the last

7    time too, Counsel?

8              MR. GREENE:  Yes, Your Honor, and we found a

9    fourth one in an associated residence as well here.  So

10   what we specifically see here is the egregious behavior

11   was not only known to Defendant, but he also flaunted it

12   when he repeatedly posted videos and pictures of himself

13   on social media or recorded on his own phone possessing

14   and displaying these firearms.

15             So as we turn to the 3553(a) factors, Your

16   Honor, we'd ask the Court to consider the need to deter

17   Defendant's conduct.  Shorter sentences for similar

18   behaviors in some ways have failed.

19             Additionally, we need to reflect the

20   seriousness here.  There's an increase in severity, an

21   increase in risk for the community.  That needs to be

22   addressed.

23             And finally, we'd ask that there is a strong

24   need to protect the public.  Guns and drugs individually

25   pose significant dangers and harms, and the combination

1   here could not be understated.

2           So with that the Government relies on the

3   fact that we believe a 181-month sentence is sufficient

4   but not greater than necessary to deter the Defendant's

5   criminal conduct, reflect the seriousness of the

6   offense, and protect the public.

7           THE COURT:  Thank you, Mr. Greene.

8           The Court is required to consider a number

9   of factors before deciding on an appropriate sentence in

10  this and every case.  Those factors are set forth in

11  Title 18 United States Code Section 3553(a).

12          They include the Defendant's history and

13  characteristics and the nature and circumstances of the

14  offense.  The Court must also consider the need for the

15  sentence imposed to reflect the seriousness of the

16  offense, to promote respect for the law, to provide just

17  punishment, and to adequately deter future criminal

18  conduct, both for this Defendant and for others who

19  might contemplate committing such an offense in the

20  future.

21          The Court has to consider the need for the

22  sentence to protect the public and to provide the

23  Defendant with needed educational training or other

24  correctional treatment in the most effective manner.

25          The Court has to consider the sentencing

1  guidelines and the advice they provide as well as the

2  need to avoid unwarranted sentencing disparities among

3  defendants with similar records who have been found

4  guilty of similar conduct.

5          I may not speak about each one of the

6  statutory considerations specifically in articulating

7  the reasoning for my sentence, but in determining the

8  appropriate sentence to impose, I have considered each

9  and every one of them.

10          Ultimately, the sentence the Court imposes

11  must be sufficient but not greater than necessary to

12  serve the purposes of sentencing.

13          This is the Defendant's second federal

14  conviction or second and third federal convictions.  The

15  first was at the age of 19 here in this district and

16  resulted in a sentence of 15 months which was a

17  significant downward variance from the advisory

18  guideline range at that time of between 30 and 37 months

19  for that felon in possession conviction.

20          Looking back at the records associated with

21  that offense and the presentence investigation report

22  here, it's the -- the record demonstrates that the

23  presiding judge there varied downward to reflect trauma

24  that this Defendant suffered as part of his childhood,

25  which is well documented in the record as highlighted by

1 the defense, the death of a family member in front of

2 him at the age of four, all of the atrocious effects of

3 living through the both natural disaster and associated

4 civil challenges of Katrina, and that affected that

5 prior sentence which was reflected at paragraph 61.

6　　　　　　Defendant is now 24 years old, and he was on

7 supervision for that prior crime up to six months before

8 the offense started.

9　　　　　　Paragraph 61 again shows that the Defendant

10 did not perform well on supervision and was -- completed

11 his supervision in July of '22.  This offense began in

12 March of '23, so about six months later.

13　　　　　　That rapid return to criminal conduct is of

14 concern to the Court because of the need to protect the

15 public, promote respect for the law, and provide

16 adequate deterrence.

17　　　　　　The crime that the Defendant began to engage

18 in is a very serious offense, as counsel acknowledged.

19 This is a combination of guns and drugs, multiple guns,

20 multiple different types of drugs, significant

21 quantities of Fentanyl.  The number of pills involved

22 here is quite high.

23　　　　　　And Fentanyl, as we know, has a tremendous

24 effect on individuals in the community and families.

25 The Defendant's attitude and demeanor on the Snapchat

1    videos and on the self-filmed videos that were put into

2    the record are particularly disconcerting or upsetting

3    because it demonstrates a glorification or a

4    satisfaction with the life choices the Defendant had

5    chosen, distributing drugs to get large quantities of

6    money despite the dangers associated with that and the

7    harm caused to the community.

8              The firearms are particularly also

9    disconcerting because of the Defendant's prior

10   conviction, federal conviction, for felon in possession

11   as well as prior firearms-related conduct going back to

12   the age of 16.

13             The question is recognizing this very

14   serious offense committed so shortly after being on

15   federal supervision, what is sufficient but not greater

16   than necessary to serve the purposes of sentencing in

17   light of the Defendant's history and characteristics,

18   which as a 24-year-old man, he's still very young and

19   still undoubtedly affected by those childhood traumas.

20             Counsel, do you know of any legal reason why

21   the Court should not impose sentence at this time?

22             MR. GREENE:  No, Your Honor.

23             MR. GILMORE:  No, Your Honor.

24             THE COURT:  So for the foregoing reasons and

25   after considering all of the relevant statutory factors

1  and the materials previously discussed, it is the

2  judgment of the Court that the Defendant, Tyran Jeremiah

3  Locure, is sentenced on Count I of the indictment to a

4  period of 108 months of imprisonment; on Count II of the

5  indictment to 60 months of imprisonment for a total term

6  of imprisonment with those served consecutively of

7  168 months of imprisonment.

8          That sentence is a downward variance from

9  the advisory guideline range.  I have varied downward

10  because of the Defendant's relative youth and the

11  continuing effects of the childhood trauma that's well

12  documented in the record.

13          I've also noted and varied downward because

14  of the Defendant's lack of violations while in the Polk

15  County Jail as reflected in paragraph 13.  That

16  demonstrates some positive movement for the Defendant

17  that he has chosen to comply with the expectations while

18  incarcerated.

19          I recognize my authority to vary downward

20  further as advocated for by the defense down to the

21  mandatory minimum of 60 months.  Having considered all

22  the statutory factors, I have concluded that the

23  108-month term on Count I and the total term of

24  168 months is sufficient but not greater than necessary

25  to serve the purposes of sentencing.

1          This isn't a mandatory minimum case.  This

2     is a case where the Defendant recidivated shortly after

3     being off supervision, committing a serious offense

4     after having already committed a serious offense, and

5     the quantities involved and the number of guns involved

6     are such that any further variance would not accurately

7     reflect the seriousness of the offense or protect the

8     public, promote respect for the law, or provide adequate

9     deterrence.

10          I do not impose a fine finding that the

11     Defendant does not have a reasonable ability to pay a

12     fine.

13          Restitution is not an issue.  I do impose

14     the $100 special assessment due and payable on each

15     count of conviction for a total of $200 to the U.S.

16     Clerk of Court for the Southern District of Iowa.

17          In addition to the term of imprisonment, I'm

18     also going to impose a term of supervised release on

19     each count, and each count will be five years of

20     supervision.  Those will be served concurrently or at

21     the same time for a total term of supervision of five

22     years.

23          Mr. Locure, within 72 hours of your release

24     from the custody of the Bureau of Prisons, you'll be

25     required to report in person to the probation office in

1   the district to which you are released.

2           While on supervised release, you shall not

3   commit an another state, federal, or local crime.  You

4   shall not unlawfully use a controlled substance, and you

5   shall not unlawfully possess a controlled substance.

6   You'll be subject to at least one drug test within

7   15 days of your release and within 10 days thereafter,

8   and you must cooperate in the collection of DNA.

9           You are a felon.  As you know, you cannot

10  possess a firearm, destructive device, or ammunition

11  either during your term of supervised release or anytime

12  thereafter.

13          You must abide by the standard conditions of

14  supervised release that have been set forth by the

15  United States Sentencing Commission, and those will be

16  reflected in the written judgment entered here today as

17  well as the special conditions that were recommended in

18  the report plus some other ones I'm going to talk with

19  you about and that were unobjected to by the defense.

20          I'll briefly summarize these for you now,

21  sir.  You should note they'll be implemented in full as

22  written in the report.  They are in Part F of the report

23  beginning at paragraph 147.

24          You must participate in a program of testing

25  and treatment for substance abuse.  In furtherance of

1    that treatment, you cannot use alcohol or other

2    intoxicants.

3           You must submit to a mental-health

4    evaluation and then comply with any treatment that's

5    recommended there.

6           You must participate in cognitive behavioral

7    treatment, and you must comply with the terms and

8    conditions in regards to the child support reflected in

9    paragraph 150.

10          You'll be subject to a search condition, and

11   that search condition can be effectuated with or without

12   the assistance of law enforcement, including the United

13   States Marshals Service.

14          I believe there are two other conditions

15   that would be helpful.  I'd like to talk with you about

16   those too.

17          Defendant has not resided in the community

18   as an adult successfully previously.  In light of that,

19   I would suggest that a 120-day term or up to 120 days at

20   a residential re-entry center complying with the rules

21   required of that and earning good time or past time from

22   that consistent with their standard rules would be

23   beneficial to the Defendant, and that's whether or not

24   the Defendant transitions otherwise through that

25   residential facility through the BOP.

1            Any objection to that additional condition,

2    Mr. Gilmore?

3            MR. GILMORE:  No, Your Honor.

4            THE COURT:  The other condition that I

5    believe would be beneficial is a no association with

6    gangs condition.  I recognize the Defendant suggests

7    that he is not a member of C-Block and has not been a

8    member of C-Block.

9            Records suggest that he has had a prior

10   affiliation with C-Block.  There's also convictions and

11   other material that suggests that that has been a

12   challenge for the Defendant in the past, including with

13   his brother.

14           So I would suggest that we include a

15   restriction on associating with any known members of

16   C-Block or any other criminal street gang.

17           Any objection to that from the defense?

18           MR. GILMORE:  No objection, Your Honor.

19           THE COURT:  Thank you.  Both the length of

20   the term of supervision and the conditions I've imposed

21   are based upon an individualized assessment of this

22   Defendant's supervision needs after reviewing and

23   considering the relevant statutory factors under

24   18 United States Code Section 3553(a) and 3553(b).

25           Mr. Gilmore, do you have any requests for

1  the Court to make to the Bureau of Prisons either in

2  regards to designation or programming for Mr. Locure?

3             MR. GILMORE:  Your Honor, the Defendant

4  would like to try to keep it local within the Midwest.

5  With regards to any programming, he is very much on

6  board with the drug rehabilitation, Your Honor.

7             With regards to education, he hasn't evoked

8  any specific education programming but would like an

9  opportunity to at least have educational programming so

10 he can properly discern what it is he wants to do when

11 he's released, Your Honor.

12            THE COURT:  Thank you.  So the Court will

13 recommend that the Defendant be designated to a facility

14 in close proximity to the State of Iowa.

15            I assume that's to facilitate family

16 visitation, Mr. Locure; is that right?

17            THE DEFENDANT:  Yes Your Honor.

18            THE COURT:  And we'll recommend that for

19 that purpose.  I'll also recommend that you have the

20 opportunity to participate in the 500-hour residential

21 drug treatment program and any other substance abuse

22 treatment program.

23            I noted in the presentence investigation

24 report, Mr. Locure, you gained your GED while you were

25 in the Bureau of Prisons previously, and you

1   demonstrated that you have the ability and willingness

2   to work hard while you're incarcerated.

3              In my experience individuals who --

4   particularly young bright people -- who are incarcerated

5   have a better transition back into the community if you

6   develop some skills while you're incarcerated.

7              And Mr. Gilmore indicated that there's

8   nothing specific that you're interested in, but if there

9   are any vocations or trades that you're interested in, I

10  can recommend to the Bureau of Prisons that you have the

11  opportunity to develop those skills.

12             Is there anything that you'd like me to

13  recommend specifically, or would you like me to make a

14  general recommendation?

15             THE DEFENDANT:  A general recommendation,

16  Your Honor.

17             THE COURT:  Okay.  So I will recommend that

18  you have the opportunity to participate in any available

19  vocational training.

20             Is that acceptable to you, sir?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  I believe there's forfeiture at

23  issue here?

24             MR. GREENE:  Yes, Your Honor.  We'd note

25  that the order granted yesterday regarding the firearms

1    in question found at the residence.

2            THE COURT:  So you're moving for a final

3    judgment of forfeiture consistent with the preliminary

4    order entered at Document 103?

5            MR. GREENE:  That's correct, Your Honor.

6            THE COURT:  The Court grants that motion.

7            That was agreed to as part of the plea

8    agreement; is that correct?

9            MR. GILMORE:  Yes, Your Honor.

10           THE COURT:  Counts to be dismissed?

11           MR. GREENE:  Yes, Your Honor.  At this time

12   the Government would move to dismiss Counts II, III, V,

13   and VI against the Defendant.

14           THE COURT:  Consistent with the plea

15   agreement, the Court grants that motion.

16           Mr. Locure, you do have the right to appeal

17   the sentence I've just imposed.  If you wish to pursue

18   an appeal, you must file a written notice of appeal

19   within 14 days of the entry of judgment.

20           Do you understand the time of filing a

21   notice of appeal, sir?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  In addition, if you wish to

24   pursue an appeal and you cannot afford an attorney, one

25   can be appointed to represent you.  You can also have

1    transcripts of this or any other relevant proceedings

2    made at no cost to you in furtherance of your appeal if

3    you qualify financially.

4                Do you understand your appeal rights, sir?

5                THE DEFENDANT:  Yes, Your Honor.

6                THE COURT:  Counsel, any matters that I

7    failed to address?

8                MR. GREENE:  No, Your Honor.

9                MR. GILMORE:  I don't believe so, Your

10   Honor.

11               THE COURT:  Anything further on behalf of

12   the Government?

13               MR. GREENE:  No, Your Honor.

14               THE COURT:  On behalf of the defense?

15               MR. GILMORE:  None here, Your Honor.  Thank

16   you.

17               THE COURT:  The Defendant is committed to

18   the custody of the United States Marshal Service for

19   transportation to the designated Bureau of Prisons

20   facility.

21               Mr. Locure, I wish you the best moving

22   forward, sir.  That will conclude the hearing.

23               LAW CLERK:  All rise.

24               (Hearing concluded at 12:15 p.m.)

25

C E R T I F I C A T E

I, SueAnn Jones, a Certified Shorthand

Reporter and Notary Public in and for the State of Iowa,

do hereby certify that the foregoing is a true and

accurate computer-aided transcription of the hearing as

taken stenographically by and before me at the time and

place indicated on the title page;

That I am neither a relative nor employee

nor attorney nor counsel of any of the parties to this

action, and that I am not financially interested in the

action.

Dated this 28th day of December, 2023.


/s/ SueAnn Jones

SueAnn Jones, CSR, RPR

**A**

abide (1) 31:13
ability (3) 11:12 30:11 35:1
able (3) 7:2 16:22 19:4
above-entitled (1) 1:15
abuse (2) 31:25 34:21
accept (1) 6:13
acceptable (1) 35:20
acceptance (1) 14:7
account (1) 18:6
accurate (2) 13:12 38:5
accurately (2) 13:22 30:6
acknowledge (1) 6:19
acknowledged (1) 27:18
action (2) 38:10,11
actions (2) 19:11 20:13
activity (1) 22:11
addition (2) 30:17 36:23
additional (6) 9:8 11:21 15:19,22 16:15 33:1
Additionally (1) 24:19
additions (1) 10:22
address (1) 37:7
addressed (1) 24:22
adequate (2) 27:16 30:8
adequately (1) 25:17
adjudicate (1) 6:13
adjustment (1) 7:21 14:4
admitted (3) 9:3,7,14
adult (1) 32:18
advice (1) 26:1
advisory (6) 13:20,21 13:23 15:8 26:17 29:9
advocated (1) 29:20
affect (1) 11:3
affiliation (1) 33:10
afford (1) 36:24
age (5) 17:9 19:10 26:15 27:2 28:12
aggravating (1) 22:5
agree (1) 13:10
agreed (1) 36:7
agreement (2) 36:8,15
ailment (1) 7:14
albuterol (1) 10:25
alcohol (2) 7:5 32:1
Alex (2) 2:11 4:18
alleged (5) 5:18,23
amended (1) 8:1
amendments (1) 16:2
America (2) 1:4 4:3
ammunition (1) 31:10
anticipation (1) 8:12

anymore (1) 19:2
anytime (1) 31:11
appeal (7) 36:16,18,18 36:21,24 37:2,4
appeared (1) 5:10
appears (1) 23:17
applicable (3) 6:6 13:23 16:4
appointed (1) 36:25
appreciate (1) 16:13
appropriate (5) 13:18 15:9,16 25:9 26:8
argument (1) 15:21 16:17
articulating (1) 26:6
aspects (1) 12:23
asserting (1) 21:3
assessment (2) 30:14 33:21
assistance (1) 32:12
Assistant (1) 2:4
associated (4) 24:9 26:20 27:3 28:6
associating (1) 33:15
association (1) 33:5
assume (2) 11:6 34:15
asthma (1) 11:1
atrocious (1) 27:2
attention (3) 8:25 9:15 13:7
attitude (1) 27:25
attorney (6) 2:4,12 4:13 12:10 36:24 38:9
author (1) 4:21
authority (1) 29:19
available (1) 35:18
Avenue (1) 2:7
avoid (1) 26:2
aware (1) 18:1
a.m (1) 1:18

**B**

back (4) 15:25 26:20 28:11 35:5
background (2) 17:7 19:15
back-to-back (1) 6:9
bad (2) 20:17,20
base (1) 14:1
based (6) 13:14 14:1 17:5 18:12 19:22 33:21
basis (2) 12:1 17:6
bear (1) 19:2
began (3) 22:20 27:11 27:17
beginning (1) 31:23
begins (1) 13:25
behalf (10) 4:10,17,18

9:9,18 18:18,24 20:25 37:11,14
behavior (5) 21:11 22:7 22:9 23:22 24:10
behavioral (1) 32:6
behaviors (2) 24:18
believe (8) 10:25 15:11 18:4 25:3 32:14 33:5 35:22 37:9
beneficial (2) 32:23 33:5
best (1) 37:21
better (1) 35:5
biggest (1) 18:25
board (1) 34:6
BOP (1) 32:25
brandishing (1) 23:11
brief (1) 9:2
briefly (2) 15:25 31:20
bright (1) 35:4
bring (2) 13:6 15:25
brings (2) 13:19 15:15
Broken (1) 21:5
brother (2) 18:11 33:13
brought (2) 8:25 19:11
Bureau (5) 30:24 34:1 34:25 35:10 37:19
buys (1) 22:22

**C**

C (4) 2:1 4:1 38:1,1
calculate (1) 13:22
calculations (2) 15:3,25
calls (1) 12:19
capacity (1) 11:3
case (14) 1:5 4:4 12:6 13:18,24 15:10,16 16:6,11 19:3,25 25:10 30:1,2
Category (1) 14:13
cause (1) 7:15
caused (1) 28:7
center (2) 22:16 32:20
CENTRAL (1) 1:2
Certainly (2) 10:10 23:22
Certified (1) 38:2
certify (1) 38:4
challenge (1) 33:12
challenges (1) 27:4
characteristics (2) 25:13 28:17
charge (1) 21:13
charged (3) 4:24 5:3 6:20
charges (2) 5:11 17:25
Charity (1) 4:23
child (2) 23:17 32:8
childhood (3) 26:24

28:19 29:11
choices (3) 17:21 18:14 20:18 28:4
chosen (2) 28:5 29:17
circumstances (2) 19:25 25:13
civil (1) 27:4
clarify (1) 11:15
clarifying (1) 16:5
clarity (1) 16:13
clear (1) 18:20
Clerk (4) 2:6,17 30:16 37:23
client (1) 10:2
close (1) 34:14
cocaine (1) 23:4
Code (4) 5:21,25 25:11 33:24
codefendant (1) 5:4
coDefendant's (1) 8:18
cognitive (1) 32:6
collection (1) 31:8
combination (4) 21:24 22:1 24:25 27:19
commencing (1) 1:18
Commission (1) 31:15
commit (1) 31:3
committed (3) 28:14 30:4 37:17
committing (2) 25:19 30:3
community (5) 24:21 27:24 28:7 32:17 35:5
completed (1) 27:10
comply (5) 22:13,14 29:17 32:4,7
complying (1) 32:20
compounds (1) 22:2
computation (1) 13:24
computer-aided (1) 38:5
concern (1) 27:14
conclude (1) 37:22
concluded (2) 29:22 37:24
concurrently (1) 30:20
condition (5) 32:10,11 33:1,4,6
conditions (6) 10:24 31:13,17 32:8,14 33:20
conduct (8) 22:4,10 24:17 25:5,18 26:4 27:13 28:11
conducted (1) 22:22
confidential (1) 22:23
confirm (2) 7:2,18
Connor (2) 2:5 4:10
consecutive (3) 14:17

19:22 21:6
consecutively (2) 6:9 29:6
consequences (2) 20:20 20:20
consider (8) 13:23 15:8 20:7 24:16 25:8,14,21 25:25
considerations (1) 26:6
considered (2) 26:8 29:21
considering (2) 28:25 33:23
consistent (3) 32:22 36:3,14
conspired (1) 5:19
conspiring (1) 6:21
contact (2) 22:10,17
contained (2) 12:13 13:16
containing (1) 22:24
contemplate (1) 25:19
context (1) 11:21
continue (1) 6:19
continued (1) 21:19
continuing (1) 29:11
controlled (4) 14:6 22:22 31:4,5
conversations (1) 18:12
conviction (6) 22:6 26:14,19 28:10,10 30:15
convictions (2) 26:14 33:10
cooperate (1) 31:8
correct (11) 4:14,15 8:1 11:12,23 13:12 15:12 15:13,14 36:5,8
correcting (1) 11:10
correction (3) 9:23 11:15 13:11
correctional (1) 25:24
corrections (1) 9:22
cost (1) 37:2
counsel (4) 4:7 24:7 27:18 28:20 37:6 38:9
count (17) 5:18,23 13:25 14:15,18,20,21 19:22,22 21:6,7 29:3 29:4,23 30:15,19,19
counter (1) 23:14
counting (1) 23:15
counts (6) 5:5,14 6:8,21 36:10,12
County (2) 10:11 29:15
course (1) 16:11
Courthouse (1) 1:18
Courtroom (1) 1:17
Court's (2) 8:25 11:2

**crime (4)** 5:24 27:7,17
31:3
**crimes (2)** 6:20,24
**criminal (9)** 14:13,14
19:9 22:10,11 25:5,17
27:13 33:16
**CSR (2)** 1:25 38:15
**curfew (1)** 22:14
**current (1)** 22:19
**currently (1)** 7:4
**custody (2)** 30:24 37:18
**C-Block (4)** 33:7,8,10
33:16

**D**

**D (2)** 3:1 4:1
**dangerous (2)** 17:25
22:1
**dangers (2)** 24:25 28:6
**date (1)** 4:4
**Dated (1)** 38:12
**day (1)** 38:12
**days (4)** 31:7,7 32:19
36:19
**deal (1)** 17:9
**dealer (1)** 18:6
**dealing (1)** 19:3
**death (1)** 27:1
**December (1)** 38:12
**decide (1)** 20:23
**deciding (1)** 25:9
**defendants (3)** 16:25
17:1 26:3
**Defendant's (20)** 9:5,7
9:24 16:20 17:21 18:8
22:5 23:1,9,23 24:17
25:4,12 26:13 27:25
28:9,17 29:10,14
33:22
**defense (13)** 4:17 8:4
8:22 9:9 12:3 15:5,23
21:8 27:1 29:20 31:19
33:17 37:14
**deletions (1)** 10:22
**demeanor (1)** 27:25
**demonstrated (1)** 35:1
**demonstrates (3)** 26:22
28:3 29:16
**denial (1)** 11:24
**denied (1)** 5:12
**denying (1)** 12:25
**departure (1)** 15:12
**depth (1)** 23:8
**Des (3)** 1:18 2:9,15
**described (1)** 12:10
**deserve (1)** 20:18
**designated (2)** 34:13
37:19
**designation (1)** 34:2

**despite (1)** 28:6
**destructive (1)** 31:10
**details (2)** 22:3,21
**detention (1)** 22:14
**deter (3)** 24:16 25:4,17
**determined (1)** 18:16
**determining (3)** 13:17
15:9 26:7
**deterrence (2)** 27:16
30:9
**develop (2)** 35:6,11
**device (1)** 31:10
**dichotomy (1)** 16:24
**die (1)** 17:11
**different (1)** 27:2
**disagree (1)** 19:7
**disaster (1)** 27:3
**discern (1)** 34:10
**disconcerting (2)** 28:2
28:9
**discovery (1)** 10:16
**discussed (2)** 14:25
29:1
**discussion (2)** 11:2
13:19
**discussions (1)** 10:16
**dismiss (1)** 36:12
**dismissed (1)** 36:10
**disparities (1)** 26:2
**displaying (2)** 24:14
**disposition (4)** 15:17,20
15:23 16:17
**distribute (2)** 5:19 6:21
**distributing (2)** 14:5
28:5
**distribution (2)** 21:14
23:5
**district (7)** 1:1,1 4:7,25
26:15 30:16 31:1
**dive (1)** 22:3
**DIVISION (1)** 1:2
**DNA (1)** 31:8
**docket (2)** 8:19,22
**document (3)** 10:8 12:8
36:4
**documented (2)** 26:25
29:12
**doing (1)** 23:19
**dollars (1)** 23:15
**downward (6)** 26:17,23
29:8,9,13,19
**draft (1)** 10:12
**drug (12)** 5:1,24 6:23
18:6 21:15 23:4,9,11
23:17 31:6 34:6,21
**drugs (6)** 18:1 21:25
24:24 27:19,20 28:5
**due (1)** 30:14

**E**

**E (7)** 2:1,1 3:1 4:1,1
38:1,1
**earned (1)** 23:12
**earning (1)** 32:21
**East (1)** 2:7
**easy (1)** 17:16
**Ebinger (2)** 1:17 4:7
**education (2)** 34:7,8
**educational (2)** 25:23
34:9
**effect (3)** 16:8,12 27:24
**effective (2)** 14:18
25:24
**effects (2)** 27:2 29:11
**effectuated (1)** 32:11
**egregious (2)** 23:22
24:10
**eight (2)** 5:5 21:20
**either (3)** 15:11 31:11
34:1
**emotion (1)** 10:24
**emphasizes (1)** 23:7
**employee (1)** 38:8
**employment (1)** 22:13
**ended (2)** 22:18 24:1
**enforcement (2)** 22:17
32:12
**engage (1)** 27:17
**engaged (1)** 22:11
**engaging (1)** 22:11
**entered (3)** 5:14 31:16
36:4
**entry (1)** 36:19
**errors (1)** 13:5
**escalation (1)** 24:3
**especially (1)** 19:9
**evaluation (1)** 32:4
**events (1)** 11:24
**evidence (3)** 15:20,22
16:15
**evoked (1)** 34:7
**exactly (1)** 23:19
**example (2)** 11:19
12:23
**executed (1)** 23:2
**Exhibit (2)** 3:3 8:22
**exhibits (5)** 8:20 9:2
15:19 16:23 23:10
**expansive (1)** 23:18
**expansiveness (1)** 23:8
**expectations (1)** 29:17
**experience (7)** 17:18
19:18 35:3
**experienced (1)** 17:8
**explained (3)** 12:7,17
13:4
**eyes (1)** 17:11

**F**

**F (2)** 31:22 38:1
**facilitate (1)** 34:15
**facility (3)** 32:25 34:13
37:20
**fact (3)** 11:19 13:1 25:3
**factor (1)** 15:8
**factors (7)** 19:23 24:15
25:9,10 28:25 29:22
33:23
**factual (5)** 9:22 11:25
13:5,16 17:6
**factually (2)** 11:19
13:12
**failed (2)** 24:18 37:7
**failing (1)** 22:13
**failure (5)** 22:12,13,14
22:15,16
**fair (1)** 12:12
**families (1)** 27:24
**family (5)** 18:12,21
20:17 27:1 34:15
**father (1)** 18:11
**federal (1)** 1:17 16:25
26:13,14 28:10,15
31:3
**feel (2)** 20:19,21
**felon (5)** 22:6 23:25
26:19 28:10 31:9
**felons (1)** 22:10
**Fentanyl (9)** 5:20 6:22
14:3 21:14,25 22:24
23:3 27:21,23
**file (2)** 10:13 36:18
**filed (3)** 4:25 8:16
12:18
**filing (1)** 36:20
**final (2)** 10:14 36:2
**finally (2)** 23:21 24:23
**financially (2)** 37:3
38:10
**find (2)** 16:24 19:4
**finding (1)** 30:10
**finds (1)** 19:13
**fine (4)** 14:25 20:22
30:10,12
**firearm (5)** 5:1,24 6:23
24:4 31:10
**firearms (7)** 11:20
12:23 21:24 23:5
24:14 28:8 35:25
**firearms-related (1)**
28:11
**first (6)** 1:17 13:25
14:15 20:12 21:21
26:15
**five (7)** 6:8 9:12,14
14:21,22 30:19,21
**flaunted (1)** 24:11

**Floor (1)** 1:17
**follow (2)** 17:17 22:15
**followed (1)** 21:6
**foregoing (2)** 28:24
38:4
**foremost (1)** 20:12
**forfeiture (5)** 5:12
35:22 36:3
**form (1)** 20:15
**forth (2)** 25:10 31:14
**forward (1)** 37:22
**found (7)** 16:3 17:2
21:22 24:4,8 26:3
36:1
**four (3)** 14:21 17:10
27:2
**fourth (1)** 24:9
**front (5)** 17:11 27:1
**full (3)** 12:12 20:13
31:21
**fully (1)** 7:2
**further (5)** 7:1 23:9
29:20 30:6 37:11
**furtherance (4)** 5:24
6:23 31:25 37:2
**future (2)** 25:17,20

**G**

**G (1)** 4:1
**gained (1)** 34:24
**gang (1)** 33:16
**gangs (1)** 33:6
**GED (1)** 34:24
**general (2)** 35:14,15
**gentleman (1)** 17:13
**Gilmore (34)** 2:11 4:18
4:18 8:5 9:8,9,13 10:2
10:5,10 11:7,14,15,23
12:3,7,16 15:6,14,24
16:14,16,18 20:3
28:23 33:2,3,18,25
34:3 35:7 36:9 37:9
37:15
**given (2)** 19:15,24
**glorification (1)** 28:3
**go (2)** 10:15 20:22
**going (5)** 12:9 18:15
28:11 30:18 31:18
**good (3)** 18:13 20:19
32:21
**Goodgame (2)** 1:16 4:6
**gotten (2)** 17:21 18:14
**Government (15)** 4:10
8:2,21 9:21 10:17
14:8 15:2,20 18:5
19:5,8 21:2 25:2
36:12 37:12
**Government's (3)** 9:2
16:23 19:8

**grams (4)** 5:19 6:22 14:2 23:3
**grandson (1)** 18:10
**granted (1)** 35:25
**grants (3)** 14:11 36:6 36:15
**greater (7)** 5:19 19:24 21:4 25:4 26:11 28:15 29:24
**Greene (24)** 2:5 4:9,10 4:15 8:3 9:1,6,17,20 9:25 14:10 15:4,13,21 20:25 21:1 24:8 25:7 28:22 35:24 36:5,11 37:8,13
**guess (1)** 10:23
**guideline (4)** 13:23 15:8 26:18 29:9
**guidelines (7)** 13:20,21 14:24 16:3,8,10 26:1
**guilty (7)** 5:11,14 6:13 6:14,17,20 26:4
**guns (5)** 18:1 24:24 27:19,19 30:5
**gun-toting (1)** 18:5

**H**
**happened (2)** 22:4,25
**happily (1)** 23:11
**hard (3)** 17:8,16 35:2
**hardships (1)** 17:18
**harm (2)** 20:14 28:7
**harms (1)** 24:25
**health (1)** 10:24
**heard (1)** 16:16
**hearing (11)** 1:16 7:2 7:16 8:7,13,22 11:19 20:5 37:22,24 38:5
**helpful (1)** 32:15
**high (1)** 27:22
**highlighted (1)** 26:25
**history (5)** 14:13,14 19:9 25:12 28:17
**home (1)** 22:14
**Honorable (1)** 1:16
**hours (1)** 30:23
**Hurricane (1)** 17:10
**hurt (3)** 18:22,25 20:15

**I**
**identify (1)** 4:8
**II (2)** 29:4 36:12
**III (1)** 36:12
**illegal (1)** 7:8
**illness (1)** 7:14
**image (1)** 23:16
**immediately (1)** 23:25
**impact (1)** 11:11
**implemented (1)** 31:21

**important (1)** 8:11
**impose (1)** 8:11
**imposed (3)** 25:15 33:20 36:17
**imposes (1)** 26:10
**imprisonment (5)** 29:4 29:5,6,7 30:17
**incarcerated (5)** 23:24 29:18 35:2,4,6
**incarceration (1)** 18:16
**incident (1)** 24:1
**include (2)** 25:12 33:14
**including (2)** 32:12 33:12
**incorrect (1)** 13:6
**increase (3)** 21:12 24:20,21
**increasing (1)** 21:11
**incredibly (2)** 17:24 21:14
**incurred (1)** 22:9
**indicated (5)** 7:19 15:18 16:14 35:7 38:7
**indicating (1)** 12:24
**indicia (1)** 23:4
**indictment (5)** 4:25 5:4 5:15 29:3,5
**individualized (1)** 33:21
**individually (1)** 24:24
**individuals (2)** 27:24 35:3
**influence (2)** 7:4,7
**informant (1)** 22:23
**information (1)** 13:16
**initially (3)** 5:3,10 10:11
**intentions (1)** 20:14
**interested (3)** 35:8,9 38:10
**interesting (1)** 17:2
**intoxicants (1)** 32:2
**investigation (12)** 4:22 8:14 9:16,18 10:3,12 10:14 12:6 13:17 16:1 26:21 34:23
**involved (3)** 27:21 30:5 30:5
**involving (1)** 14:1
**Iowa (8)** 1:1,18 2:9,15 5:1 30:16 34:14 38:3
**issue (3)** 21:17 30:13 35:23
**issued (1)** 16:7
**IV (6)** 5:14,23 6:21 14:18,21 21:7

**J**
**J (1)** 2:11
**Jackson (1)** 5:6
**Jail (2)** 10:11 29:15
**Jeremiah (3)** 1:7 4:3 29:2
**joined (1)** 4:10
**Jones (4)** 1:25 38:2,14 38:15
**judge (4)** 4:7 6:5,12 26:23
**judgment (4)** 29:2 31:16 36:3,19
**July (3)** 5:13 22:19 27:11

**K**
**Katrina (2)** 17:10 27:4
**keep (1)** 34:4
**kid (1)** 19:9
**kilograms (1)** 14:2
**kind (3)** 10:25 19:15,17
**knew (1)** 21:23
**know (13)** 4:6 8:9 11:1 11:21 12:25 13:20 18:23 19:18,20 23:6 27:23 28:20 31:9
**known (3)** 22:10 24:11 33:15

**L**
**lack (1)** 29:14
**large (1)** 28:5
**largely (1)** 16:21
**Laura (2)** 2:3 4:11
**law (12)** 2:6,12,17 17:17 18:6 21:9 22:17 25:16 27:15 30:8 32:12 37:23
**legal (1)** 28:20
**length (1)** 33:19
**lethal (1)** 21:15
**letters (2)** 8:23 18:7
**let's (1)** 9:15
**level (4)** 13:24 14:1,9 14:12
**levels (1)** 14:6
**life (5)** 17:9,14,22 20:19 28:4
**light (2)** 28:17 32:18
**lived (1)** 17:14
**living (1)** 27:3
**local (2)** 31:3 34:4
**Locure (22)** 1:7 4:3,19 4:24 8:7 10:9,15 11:25 12:5 17:22 18:4 19:4,25 20:4,24 29:3 30:23 34:2,16,24 36:16 37:21

**long (1)** 9:1
**longer (2)** 7:19,22
**look (5)** 15:7 18:4,7,16 22:5
**Looking (1)** 26:20
**lot (1)** 19:19

**M**
**magistrate (2)** 6:5,12
**maintaining (1)** 14:5
**making (1)** 11:15
**man (2)** 17:19 28:18
**mandatory (5)** 6:6,7 14:24 29:21 30:1
**manner (1)** 25:24
**manual (1)** 16:11
**March (1)** 27:12
**marijuana (4)** 5:20 6:22 22:15 23:4
**Marshal (1)** 37:18
**Marshals (1)** 32:13
**material (3)** 8:17 12:13 33:11
**materials (3)** 8:24 9:8 29:1
**matter (4)** 1:15 4:2,5 16:4
**matters (2)** 10:16 37:6
**mean (4)** 16:21 17:12 18:1 19:12
**means (1)** 18:2
**media (1)** 24:13
**medication (3)** 7:22 11:11 13:11
**medications (2)** 7:11 9:24
**member (3)** 27:1 33:7,8
**members (3)** 18:12,21 33:15
**memoranda (1)** 8:16
**memorandum (5)** 10:18 16:21,23 18:8 21:2
**mental (1)** 10:24
**mental-health (2)** 7:14 32:3
**messages (1)** 12:19
**met (1)** 10:11
**Midwest (1)** 34:4
**million (1)** 15:1
**minimum (3)** 6:7 29:21 30:1
**minimums (2)** 6:6 6:25
**minor (1)** 21:19
**Moines (3)** 1:18 2:9,15
**money (2)** 23:13 28:6
**months (17)** 6:8 14:16 14:19 19:21,22 21:5

22:19 23:24 26:16,18 27:7,12 29:4,5,7,21 29:24
**motion (3)** 14:11 36:6 36:15
**move (2)** 14:8 36:12
**movement (1)** 29:16
**moving (3)** 36:2 37:21
**multiple (2)** 27:19,20
**M30 (1)** 22:24

**N**
**N (3)** 2:1 3:1 4:1
**name (1)** 4:6
**named (3)** 5:5,6,6
**natural (1)** 27:3
**nature (1)** 25:13
**necessary (6)** 19:24 21:4 25:4 26:11 28:16 29:24
**need (9)** 7:2 8:24 24:16 24:19,24 25:14,21 26:2 27:14
**needed (1)** 25:23
**needs (3)** 13:6 24:21 33:22
**neither (1)** 38:8
**nephew (1)** 18:11
**never (1)** 20:14
**new (3)** 16:2 21:13 22:9
**newness (1)** 21:15
**Notary (1)** 38:3
**note (4)** 16:6,24 31:21 35:24
**noted (4)** 11:16 23:23 29:13 34:23
**notes (2)** 16:8 21:8
**notice (5)** 5:12 36:18,21 November (3)** 1:19 16:7,12
**number (4)** 5:1 25:8 27:21 30:5

**O**
**O (1)** 4:1
**objecting (1)** 11:19
**objection (8)** 8:1 9:4 10:19 11:25 15:2 33:1 33:17,18
**objections (7)** 9:11,22 10:13,18,22 11:16 12:18
**obtain (1)** 22:13
**obviously (1)** 19:12
**occasion (1)** 10:6
**offense (17)** 13:24 14:1 14:1,12 24:2 25:6,14 25:16,19 26:21 27:8 27:11,18 28:14 30:3,4

30:7
**offenses (2)** 5:1 6:6
**office (3)** 2:13 8:13 30:25
**officer (2)** 4:22 22:12
**oh (2)** 11:5 16:9
**Okay (2)** 7:25 35:17
**old (3)** 17:10,12 27:6
**older (1)** 17:13
**ones (1)** 31:18
**opiate (2)** 22:14
**opportunity (8)** 9:17 10:3 12:13 20:5 34:9 34:20 35:11,18
**option (1)** 14:23
**order (2)** 35:25 36:4
**ordered (1)** 6:9
**outstanding (2)** 9:22 10:17
**overarching (1)** 21:24

**P**

**P (3)** 2:1,1 4:1
**page (5)** 13:25 16:9,9,9 38:7
**PAGE(S) (1)** 3:3
**pain (1)** 18:22
**paint (1)** 19:5
**painted (1)** 17:3
**paragraph (14)** 7:19,25 9:23 10:19 11:6 12:18 13:11,25 16:10 27:5,9 29:15 31:23 32:9
**paragraphs (1)** 11:16
**paraphernalia (1)** 23:4
**Park (1)** 2:13
**part (4)** 7:20 26:24 31:22 36:7
**participate (7)** 7:3,15 11:12 31:24 32:6 34:20 35:18
**particularly (3)** 28:2,8 35:4
**parties (2)** 8:16 38:9
**party (1)** 15:11
**pattern (1)** 21:10
**pay (1)** 30:11
**payable (1)** 30:14
**people (4)** 18:24 19:1 19:17 35:4
**perform (1)** 27:10
**period (8)** 18:16 23:1 29:4
**person (2)** 18:5 30:25
**personally (1)** 4:20
**persons (1)** 22:11
**phone (2)** 12:19 24:13
**physical (2)** 7:14 10:24
**picture (1)** 17:3

**pictures (2)** 18:8 24:12
**pills (3)** 22:24 23:3 27:21
**place (1)** 38:7
**Plaintiff (1)** 1:5 2:3
**play (1)** 23:17
**plea (6)** 5:14 6:4,13 8:17 36:7,14
**pleaded (1)** 5:11
**pleas (1)** 6:16
**please (2)** 4:8 8:8
**plus (1)** 31:18
**point (1)** 17:22
**pointed (1)** 12:22
**points (1)** 14:14
**Polk (2)** 10:11 29:14
**population (1)** 19:12
**portions (1)** 11:16
**pose (1)** 24:25
**positive (1)** 29:16
**possess (2)** 31:5,10
**possessed (1)** 5:23
**possessing (4)** 6:22 21:18,24 24:13
**possession (9)** 16:20 21:22 22:6 23:23,25 24:4,4 26:19 28:10
**posted (1)** 24:12
**practicing (1)** 4:12
**preliminary (1)** 36:3
**premises (1)** 14:5
**prepared (1)** 8:13
**prescribed (1)** 11:7
**prescription (1)** 7:10
**present (3)** 2:17 4:20 16:15
**presentence (12)** 4:22 8:14 9:15,18 10:3,12 10:14 12:6 13:16 16:1 16:21 34:23
**preside (1)** 8:17
**presiding (3)** 4:7 6:5 26:23
**previously (4)** 12:17 29:1 32:18 34:25
**prior (6)** 23:25 27:5,7 28:9,11 33:9
**Prisons (5)** 30:24 34:1 34:25 35:10 37:19
**probably (1)** 18:23
**probation (5)** 4:22 8:13 14:23 22:12 30:25
**proceed (2)** 7:1 11:4
**proceedings (3)** 1:8 8:12 37:1
**proceeds (2)** 23:11,17
**program (3)** 31:24 34:21,22
**programming (4)** 34:2

34:5,8,9
**prohibited (1)** 21:18
**promote (3)** 25:16 27:15 30:8
**properly (1)** 34:10
**Proposed (1)** 8:20
**protect (5)** 24:24 25:6 25:22 27:14 30:7
**provide (5)** 25:16,22 26:1 27:15 30:8
**provided (3)** 22:23 23:10,16
**providing (1)** 11:20
**proximity (1)** 34:14
**PSI (3)** 10:20,22 17:6
**public (7)** 19:13 24:24 25:6,22 27:15 30:8 38:3
**punishment (2)** 20:18 25:17
**purpose (3)** 6:16 14:5 34:19
**purposes (5)** 4:8 13:17 26:12 28:16 29:25
**pursue (2)** 36:17,24
**put (2)** 18:22 28:1
**putting (1)** 19:1
**p.m (1)** 37:24

**Q**

**qualify (1)** 37:3
**quantities (3)** 27:21 28:5 30:5
**quantity (1)** 23:7
**question (4)** 8:8 15:16 28:13 36:1
**quite (2)** 19:9 27:22

**R**

**R (3)** 2:1 4:1 38:1
**raise (1)** 17:18
**range (6)** 13:23 14:15 14:18 15:8 26:18 29:9
**rapid (1)** 27:13
**really (1)** 20:16
**reason (1)** 28:20
**reasonable (1)** 30:11
**reasoning (1)** 26:7
**reasons (2)** 18:18 28:24
**Rebecca (2)** 1:16 4:6
**recall (6)** 4:24 5:8,16 6:2,10 12:9
**received (2)** 8:20 10:13
**recidivated (1)** 30:2
**recipe (1)** 18:1
**recognize (2)** 29:19 33:6
**recognizing (1)** 28:13
**recommend (6)** 34:13

34:18,19 35:10,13,17
**recommendation (2)** 35:14,15
**recommended (6)** 6:12 14:16,20,25 31:17 32:5
**record (9)** 4:8 10:7 13:15 16:6,13 26:22 26:25 28:2 29:12
**recorded (1)** 24:13
**records (3)** 26:3,20 33:9
**recurring (1)** 21:17
**REFERRED (1)** 3:3
**reflect (5)** 24:19 25:5 25:15 26:23 30:7
**reflected (4)** 27:5 29:15 31:16 32:8
**regarding (2)** 10:17 35:25
**regards (7)** 9:24 10:11 10:21 32:8 34:2,5,7
**rehabilitation (1)** 34:6
**related (2)** 8:17 11:25
**relative (2)** 29:10 38:8
**release (11)** 14:20 22:7 22:8,18 24:1 30:18,23 31:2,7,11,14
**released (2)** 31:1 34:11
**relevant (4)** 11:1 28:25 33:23 37:1
**relies (1)** 25:2
**rely (2)** 13:15 16:21
**remain (2)** 20:10,11
**remorse (2)** 17:23 18:6
**repeat (1)** 21:10
**repeatedly (1)** 24:12
**report (26)** 4:22 8:14 8:15 9:16,18,23 10:4 10:12,15 12:6,9,14,23 13:6,10,17 16:1,6,8 22:16 26:21 30:25 31:18,22,22 34:24
**Reported (1)** 1:25
**Reporter (1)** 38:3
**reprehensible (1)** 19:13
**represent (1)** 36:25
**representing (1)** 19:4
**represents (2)** 21:15 23:18
**requesting (2)** 19:21 20:2
**requests (1)** 33:25
**required (5)** 13:22 14:17 25:8 30:25 32:21
**resided (1)** 32:17
**residence (4)** 23:1 24:5 24:9 36:1

**residential (4)** 22:16 32:20,25 34:20
**respect (3)** 25:16 27:15 30:8
**responsibility (2)** 14:7 20:14
**Restitution (1)** 30:13
**restriction (1)** 33:15
**resulted (1)** 26:16
**results (3)** 14:12,15,18
**return (1)** 27:13
**revealed (1)** 23:2
**review (7)** 9:18 10:3,15 12:13,16 16:1,22
**reviewed (6)** 8:15,16,18 8:21 15:18 16:20
**reviewing (4)** 10:8,16 12:8 33:22
**re-entry (2)** 22:16 32:20
**right (7)** 17:13 18:9 19:8 20:21 22:1 34:16 36:16
**rights (1)** 37:4
**rise (1)** 37:23
**risk (1)** 24:21
**Road (1)** 2:13
**Roan (3)** 2:3 4:11,14
**Rock (1)** 4:23
**RPR (2)** 1:25 38:15
**rules (3)** 22:15 32:20,22

**S**

**s (3)** 2:1 4:1 38:14
**satisfaction (1)** 28:4
**scheme (5)** 22:19,21 23:5,8,19
**search (4)** 23:1,2 32:10 32:11
**seated (2)** 20:11,11
**second (2)** 26:13,14
**Section (5)** 5:21 6:1 25:11 33:24
**see (9)** 19:16 21:13,16 21:17 23:13,14,16 24:3,10
**seeing (1)** 21:10
**seized (1)** 12:24
**self-filmed (1)** 28:1
**sentence (19)** 13:18 14:17 15:9 19:23 20:1 21:3,6 25:3,9,15,22 26:7,8,10,16 27:5 28:21 29:8 36:17
**sentenced (2)** 6:16 29:3
**sentences (1)** 24:17
**sentencing (17)** 1:16 4:5 8:16 10:18 11:4 13:21 16:2,21,23 18:8

21:2 25:25 26:2,12 28:16 29:25 31:15
**sentencings (1)** 16:25
**September (1)** 6:14
**serious (6)** 17:25 21:15 27:18 28:14 30:3,4
**seriousness (5)** 21:11 24:20 25:5,15 30:7
**serve (3)** 26:12 28:16 29:25
**served (3)** 6:9 29:6 30:20
**Service (2)** 32:13 37:18
**set (3)** 4:5 25:10 31:14
**seven (2)** 14:13 17:13
**several-week (1)** 22:25
**severity (2)** 21:12 24:20
**shape (1)** 20:15
**Shorter (1)** 24:17
**Shorthand (1)** 38:2
**shortly (2)** 28:14 30:2
**shows (1)** 27:9
**sides (1)** 17:3
**significant (4)** 23:7 24:25 26:17 27:20
**similar (3)** 24:17 26:3,4
**simply (1)** 23:18
**sir (15)** 5:8,16 6:2,10,15 7:23 11:12 13:8 20:8 20:11 31:21 35:20 36:21 37:4,22
**sit (1)** 17:16
**six (3)** 22:22 27:7,12
**sixty (1)** 6:8
**skills (2)** 35:6,11
**Snapchat (2)** 12:19 27:25
**social (1)** 24:13
**son (1)** 18:11
**sought (1)** 15:11
**Southern (3)** 1:1 4:25 30:16
**speak (2)** 20:5 26:5
**special (2)** 30:14 31:17
**specific (4)** 19:24 22:20 34:8 35:8
**specifically (10)** 21:8 21:13,21 22:5,8 23:13 23:24 24:10 26:6 35:13
**spoke (1)** 6:5
**spoken (1)** 18:21
**standard (2)** 31:13 32:22
**stands (1)** 21:2
**started (2)** 21:18 27:8
**state (4)** 16:25 31:3 34:14 38:3
**States (16)** 1:1,4 2:4 4:3

5:21,25 8:13 9:19 13:20 16:2 20:25 25:11 31:15 32:13 33:24 37:18
**statute (1)** 14:24
**statutory (4)** 26:6 28:25 29:22 33:23
**stenographically (1)** 38:6
**stolen (8)** 11:20,22 12:24,25 13:1 21:22 21:23 23:6
**stop (1)** 8:8
**stranger (1)** 21:9
**street (1)** 33:16
**strong (1)** 24:23
**struggle (1)** 18:25
**student (1)** 4:13
**subject (2)** 31:6 32:10
**submit (1)** 32:3
**submitted (1)** 15:19
**subsequent (1)** 22:7
**Subsequently (1)** 5:13
**substance (4)** 31:4,5,25 34:21
**substances (2)** 7:8 14:6
**success (1)** 18:2
**successfully (1)** 32:18
**succumb (1)** 17:3
**SueAnn (4)** 1:25 38:2 38:14,15
**suffered (1)** 26:24
**suffering (1)** 7:13
**sufficient (6)** 19:23 21:3 25:3 26:11 28:15 29:24
**suggest (3)** 32:19 33:9 33:14
**suggests (2)** 33:6,11
**Suite (2)** 2:8,14
**sulfate (1)** 11:1
**summarize (1)** 31:20
**Sunday (1)** 17:12
**supervised (9)** 14:20 22:7,8,18 24:1 30:18 31:2,11,14
**supervision (10)** 4:13 27:7,10,11 28:15 30:3 30:20,21 33:20,22
**support (3)** 8:23 18:7 32:8
**supported (1)** 23:10
**surprise (1)** 19:16

**———— T ————**
**T (2)** 38:1,1
**table (1)** 17:4
**take (2)** 18:7 20:13
**taken (1)** 38:6

**talk (2)** 31:18 32:15
**talking (1)** 10:23 12:5
**teenager (1)** 17:15
**term (11)** 22:18 23:25 29:5,23,23 30:17,18 30:21 31:11 32:19 33:20
**terms (1)** 32:7
**test (1)** 31:6
**testing (1)** 31:24
**thank (19)** 4:16 10:1 11:9,14 12:2,4 13:14 15:6 16:5,18 20:2,3 20:10,11,24 25:7 33:19 34:12 37:15
**thing (1)** 8:11
**things (3)** 13:5 19:12,18
**think (2)** 12:19 17:5
**third (2)** 14:8 26:14
**third-year (1)** 4:13
**thousands (1)** 23:15
**three (3)** 23:5 24:5,6
**time (18)** 4:4 6:4 8:6,25 18:16 19:3 20:4 21:21 22:23 24:7 26:18 28:21 30:21 32:21,21 36:11,20 38:6
**times (2)** 19:17,19
**title (1)** 5:20,25 25:11 38:7
**today (11)** 4:21 6:16 7:3 11:12 17:21 18:14 18:19 19:11,16 20:22 31:16
**today's (1)** 7:16
**total (7)** 5:5 14:12 23:3 29:5,23 30:15,21
**totaling (1)** 23:14
**trades (1)** 35:9
**traditional (1)** 15:12
**trafficking (3)** 5:24 6:23 23:9
**training (2)** 25:23 35:19
**TRANSCRIPT (1)** 1:7
**transcription (1)** 38:5
**transcripts (1)** 37:1
**transition (1)** 35:5
**transitions (1)** 32:24
**transportation (1)** 37:19
**trauma (2)** 26:23 29:11
**traumas (1)** 28:19
**traumatic (1)** 17:9
**Trazodone (1)** 7:19
**treatment (7)** 25:24 31:25 32:1,4,7 34:21 34:22
**treats (1)** 13:21

**tremendous (1)** 27:23
**trial (2)** 8:18 11:4
**true (1)** 38:4
**truthful (1)** 22:12
**try (1)** 34:4
**trying (1)** 17:3
**turn (5)** 9:15 19:19 22:20 23:21 24:15
**twice (1)** 17:14
**two (3)** 14:6,22 32:14
**two-level (1)** 14:4
**types (1)** 27:20
**Tyran (4)** 1:7 4:3,19 29:2

**———— U ————**
**ultimate (1)** 15:15
**Ultimately (1)** 26:10
**unable (1)** 7:15
**uncle (2)** 17:11 18:11
**understand (11)** 6:7,15 7:15 8:7,12 12:20 13:2,8 20:18 36:20 37:4
**understanding (2)** 11:18 18:15
**understands (2)** 17:22 17:24
**understated (2)** 21:25 25:1
**undoubtedly (1)** 28:19
**unfortunate (1)** 18:3
**unfortunately (2)** 19:20 21:9
**United (16)** 1:1,4 2:4 4:3 5:21,25 8:13 9:19 13:20 16:2 20:25 25:11 31:15 32:12 33:24 37:18
**unlawfully (2)** 31:4,5
**unobjected (1)** 31:19
**unobjected-to (3)** 13:15 17:6,7
**unwarranted (1)** 26:2
**upbringing (1)** 19:18
**upsetting (1)** 28:2
**upward (1)** 14:4
**use (3)** 22:15 31:4 32:1
**U.S (2)** 4:22 30:15

**———— V ————**
**V (1)** 36:12
**variance (3)** 26:17 29:8 30:6
**varied (3)** 26:23 29:9 29:13
**vary (1)** 29:19
**version (1)** 16:10
**VI (1)** 36:13

**video (2)** 23:13,16
**videos (4)** 23:14 24:12 28:1,1
**violation (2)** 5:20,25
**violations (2)** 22:9 29:14
**visitation (1)** 34:16
**vocational (1)** 35:19
**vocations (1)** 35:9
**vs (2)** 1:6 4:3

**———— W ————**
**want (2)** 18:22 20:13
**wanted (2)** 7:18 16:15
**wants (2)** 19:5 34:10
**warrant (2)** 23:1,2
**Wasn't (1)** 24:6
**way (3)** 4:25 16:17 19:16
**ways (1)** 24:18
**weapon (2)** 21:22 23:22
**weapons (1)** 21:18
**went (3)** 10:8 12:7 16:8
**West (1)** 2:15
**we'll (1)** 34:18
**we're (2)** 4:2 21:10
**we've (4)** 12:5 14:25 17:5 23:22
**wielding (1)** 18:5
**willingness (1)** 35:1
**wish (3)** 36:17,23 37:21
**withdrawing (1)** 10:19
**withdrawn (1)** 12:17
**witness (1)** 37:11
**work (1)** 35:2
**wouldn't (1)** 11:3
**written (3)** 31:16,22 36:18

**———— X ————**
**X (1)** 3:1

**———— Y ————**
**yeah (1)** 16:9
**year (2)** 5:13 6:14
**years (10)** 6:8 14:21,22 17:10,12,13 21:20 27:6 30:19,22
**yesterday (1)** 35:25
**young (5)** 17:9,19 19:9 28:18 35:4
**youth (1)** 29:10

**———— $ ————**
**$10,000 (1)** 23:14
**$100 (1)** 30:14
**$200 (1)** 30:15
**$5 (1)** 15:1

**1**

**1 (3)** 8:20 9:2 16:12
**1-5 (1)** 3:4
**1.2 (1)** 14:2
**10 (1)** 31:7
**100 (1)** 8:22
**1001 (1)** 2:13
**103 (2)** 22:24 36:4
**108 (2)** 2:14 29:4
**108-month (1)** 29:23
**11:30 (1)** 1:18
**110 (1)** 2:7
**12 (4)** 13:25 16:9,9,9
**12:15 (1)** 37:24
**120 (1)** 32:19
**120-day (1)** 32:19
**121 (2)** 14:16 21:5
**13 (1)** 29:15
**14 (1)** 36:19
**147 (1)** 31:23
**15 (4)** 6:14 23:24 26:16
  31:7
**150 (1)** 32:9
**151 (1)** 14:16
**16 (1)** 28:12
**168 (2)** 29:7,24
**17 (1)** 1:19
**18 (4)** 5:13,25 25:11
  33:24
**181 (1)** 14:18
**181-month (2)** 21:3
  25:3
**19 (1)** 26:15

**2**

**20 (1)** 18:24
**2020 (1)** 22:6
**2022 (1)** 22:19
**2023 (3)** 1:19 16:10
  38:12
**21 (1)** 5:20
**210 (1)** 14:19
**22 (1)** 27:11
**23 (1)** 27:12
**24 (2)** 19:10 27:6
**24-year-old (1)** 28:18
**28th (1)** 38:12
**286 (1)** 2:8
**29 (1)** 14:12

**3**

**30 (3)** 14:3 18:24 26:18
**30,000 (1)** 15:1
**31 (1)** 17:12
**33 (1)** 11:16
**34 (1)** 11:16
**35 (2)** 10:19 12:18
**3553(a) (4)** 19:23 24:15
  25:11 33:24

**3553(b) (1)** 33:24
**36 (1)** 11:17
**37 (1)** 26:18

**4**

**4 (1)** 14:13
**4:23-cr-00069-1 (1)** 1:6
**4:23-cr-69 (1)** 4:4
**40 (3)** 5:19 6:22 18:24
**400 (1)** 14:2
**44 (1)** 16:10
**46 (1)** 13:25

**5**

**5 (2)** 8:20 9:2
**500-hour (1)** 34:20
**50265 (2)** 2:15
**50309 (1)** 2:9

**6**

**60 (4)** 19:21,22 29:5,21
**60-month (2)** 14:17
  21:6
**61 (2)** 27:5,9

**7**

**72 (1)** 30:23
**77 (1)** 22:24

**8**

**8 (3)** 3:4,5 16:7
**8,000 (1)** 23:3
**800 (1)** 23:3
**841(a)(1) (1)** 5:21
**841(b)(1)(b) (1)** 5:21
**841(b)(1)(d) (1)** 5:22
**846 (1)** 5:22

**9**

**9 (2)** 3:4,5
**92 (1)** 11:6
**924(c)(1)(A)(i) (1)** 6:1
**96 (4)** 7:19,25 9:23
  13:11